UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Vernon Lee Washington**, # 292064, | ) C/A No. 3:05-2442-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Broad River Correctional Institution**, | ) |
| Defendant. | ) |

_____

# *Background of this Case*

The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff has brought suit against the Broad River Correctional Institution, which is the only defendant in the above-captioned case. The above-captioned case is the plaintiff's first case filed in the United States District Court for the District of South Carolina.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint form reveals that the above-captioned case concerns the plaintiff's exposure to second-hand tobacco smoke. The plaintiff's allegations appear on page 3 of the complaint:

1

> I inmate: Vernon Lee Washington # 292064, Located at the Broad River Corr. Inst., South Carolina 20210.
>
> I am seeking Assistance in filing a civil suit on Broad River Correctional Institution on the basis of stress and cruel and unusual punishment. I am a none [sic] smoker. I have been exposed to second hand smoke since I been at B.R.C.I., I got here on 4-17-03. Every [sic] since I been here at B.R.C.I. I have been housed with inmates that smoke in these two man calls [sic; probably should read "cells"]. I am 44 years old and have never smoked in my life. I have an obesity problem and I got high blood pressure. When I got locked up the Institution asked me if I was a smoker or none [sic] smoker so I would be housed with a none [sic] smoker which I am. I have been exposed to second hand smoke since I been here. The Institutional rules say that if you smoke you have to smoke outside on the yard are [sic] in your room. The second hand smoke makes my head and stomach hurts. I have HIV and you can not get stressed out while you have HIV, it will run my risk up making me catch AIDS faster and having a short life time. Broad River Correctional Inst are [sic] not following their own Institutional rules. I wish to file suit for an amount which addresses my dangers for stress and cruel and unusual punishment which I will have to live with for the rest of my life. When I take a shower most of the time I have to tell the people that are smoking outside of the shower to move from around the shower, because the smoke is comeing [sic] in the shower making it hard to breath. There are some officers that be looking for the ones that smoke outside their rooms or under the t.v.s. When the officer catch [sic] them they write them up and lock them in their room. That makes it bad for you if that's your roommate, because you have to be in the room with them sometimes. I had no history of high blood [sic] until I got here at B.R.C.I. I hope this law suit helps things to change at B.R.C.I. for none [sic] smokers.

(Complaint, at page 3).

The plaintiff's prayer for relief is notarized and appears on page 4 of the complaint. The plaintiff writes:

> I wish for the courts to help me file suit for the amount which addresses my dangers for stress, obesity problem and high blood pressure which I didn't have before I came to this Institution. I wish to file for cruel and unusual punishment which I will have to live with the rest of my life and hopefully this law suit will change things at B.R.C.I. for none [sic] smokers. And I am seeking unspecified punitive and compensatory damages.

(Complaint, at page 4 [block letters in original]).[1]

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972);

---

[1]The South Carolina Department of Corrections website's Inmate Database (www.doc.state.sc.us/incarceratedInmateSearch/index.jsp, last visited on August 25, 2005) indicates that the plaintiff is serving a fifteen-year sentence for a conviction for second-degree burglary, which was entered in the Court of General Sessions for Richland County. The plaintiff's projected release date is September 30, 2009. The plaintiff is not serving a life sentence.

Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990). Although the plaintiff appears to have raised facially cognizable civil rights claims of deliberate indifference, *see* Helling v. McKinney, 509 U.S. 25, 125 L.Ed.2d 22, 113 S.Ct. 2475, 2480, 1993 U.S. LEXIS® 4210 (1993)(exposure of inmates to second-hand tobacco smoke may constitute deliberate indifference), the defendant is not a "person" subject to suit under 42 U.S.C. § 1983.

The Broad River Correctional Institution is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Broad River Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed

at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981). As a result, the Broad River Correctional Institution is entitled to summary dismissal because it is not a "person" subject to suit under 42 U.S.C. § 1983.

Although the issue is not dispositive *in the above-captioned case*, the plaintiff's answers on page 2 of the complaint reveal did not file a grievance with respect to the issues raised in the above-captioned case. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000). In fact, the plaintiff, in the space provided for indicating why no grievance was filed, writes: "Because It's Dealing with my health." (Complaint, at page 2 [block letters in original]).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See* Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005)("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.").

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996). Furthermore, summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the plaintiff from needlessly incurring a nondischargeable debt of $250 to the

United States. *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. *See also* Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

After the plaintiff has exhausted his administrative remedies by filing a grievance (and, if necessary, an appeal) pursuant to the SCDC's Inmate Grievance Procedure, he can, then, file a new civil rights action against particular employees or officials of the Broad River Correctional Institution who have been deliberately indifferent to his exposure to second-hand tobacco smoke. If the plaintiff wishes to bring a civil rights action against such persons, he can obtain civil rights forms from the Office of the Clerk of Court in Columbia. If the plaintiff later files such a case, that new case will be assigned its own separate civil action number.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the defendant is not a "person" subject to suit under 42 U.S.C. § 1983.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

August 30, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The **_Serious Consequences_** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must _specifically identify_ the portions of the Report and Recommendation to which objections are made _and_ the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are _not_ sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

_Accord_ Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded _pro se_ in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

_See also_ Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a _pro se_ litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(_per curiam_)("plaintiff's objections lacked the specificity necessary to trigger _de novo_ review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**